[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
On January 10, 1967 E. Stewart Clark, as Settlor, entered into a Trust Agreement with The Colonial Bank and Trust Company, now Bank of Boston, Connecticut, as Trustee. Originally the corpus of the trust was a nominal amount of cash and various insurance policies. It is unclear whether these policies were upon his life, or annunities, or some other form of insurance. Under Article Five, Section 8, the Trustee was empowered "[t]o hold, manage, improve, protect and operate any real property in this trust; to contract to sell, to grant options to purchase, to sell on any terms . . . and generally to deal with the same in all other ways and for such other purposes and considerations as would be lawful for any person owning the same". Section 12 of that Article provides that "[i]f the Settlor's wife, Elizabeth W. Clark, shall survive the Settlor she shall be entitled to occupy any residence held as an asset of this trust for and during her lifetime, the trust to pay all real property taxes, insurance premiums and for all major repairs, but Elizabeth W. Clark to pay the cost of heating and painting said premises during her occupancy. Elizabeth W. Clark may effectively terminate her right of occupancy by giving notice of such termination in writing to the Trustee herein". Article Seven provides: "Upon the death of the Settlor the Trustee shall dispose of all of the trust estate then in the Trustee's hands, both principal and unexpended income and including any additions to the trust estate by the Settlor during his lifetime or pursuant to the provisions of the Settlor's Last Will and Testament as follows: . . . B.1. If the Settlor's wife, Elizabeth W. Clark, shall survive the Settlor, the Trustee shall hold one-third of the balance of the trust estate in a separate trust for and during her lifetime. During the continuation of this trust the Trustee shall pay to or for the Settlor's wife the income arising from this trust and if she shall be in real need so much of the principal thereof as the Trustee shall deem wise. At the death of Elizabeth W. Clark the balance of this separate trust and any unexpended income shall be divided in shares per stirpes among the Settlor's then living issue and paid over to any trust for the taker created under this agreement otherwise to be to the taker outright and free of all trust. 2. The remaining balance of the trust estate, if the Settlor's wife shall have survived the Settlor . . . shall be divided among the Settlor's issue who shall survive the Settlor, in shares per stirpes, such share to vest in such issue and to be paid over outright to any of such issue who shall then have attained the age of thirty-five years, otherwise to be held in trust until such issue shall attain the age of thirty-five or earlier die, in either of which events such trust shall terminate. During the CT Page 4761 continuance of each such trust the Trustee shall pay to or for the beneficiary entitled thereto so much of the income and principal of such trust as the Trustee shall deem wise . . . At the termination of each such trust as in hereinabove provided, the Trustee shall pay over the trust estate to the beneficiary entitled thereto or his estate, as the case may be".
The Settlor died on July 1, 1969, survived by his wife and two sons, Lewis Clark and Malcolm Clark. At that time he owned residential property known as 40 North Street, Middlebury. It was occupied by him and his wife as their home. Mrs. Clark continued in residence until about March 27, 1988. Pursuant to the provisions of the Trust she terminated her right of occupancy on December 5, 1988. Pursuant to his will, title to those premises poured over into the Trust upon his death. Lewis Clark became thirty-five on February 22, 1973. Malcolm Clark achieved that age on April 25, 1977. Upon their achieving such age their respective vested interests in that trust were paid over or conveyed to them. Malcolm Clark died on May 7, 1984 leaving as his sole beneficiary Lewis Clark. The property at 40 North Street was sold on May 5, 1989. Two-thirds of the net proceeds was paid to Lewis Clark and one-third was paid to the Trustee in trust for the spouse. Because the interest of Malcolm Clark in the real estate was burdened with a liability for payment of one-third of certain expenses, and this could delay settlement of his estate, his Executor, the Trustee, Lewis Clark and the widow entered into an agreement as of May 1, 1986 whereunder Lewis Clark would pay two-thirds of those expenses and the trust, for the benefit of the widow, would pay one-third. On this state of facts Lewis Clark seeks a declaratory judgment to the effect that all interest of the widow in the realty terminated when she surrendered her right of occupancy and consequently he is entitled to all of the proceeds of sale and all of the income generated by the one-third which the Trustee had retained in the trust for her benefit. This action was commenced by writ dated February 22, 1990 and served the next day. The widow died on October 18, 1990 and therefore any argument as to who is entitled to the income after that date is moot.
The Settlor clearly evidenced an anticipation and an intent that the real estate could well become part of the corpus. Article Five, Section 8 spelled out powers of the trustee to deal with realty. Section 12 of that Article granted the widow a terminable life estate in the realty while in no way affecting her rights in the remainder. Article Seven anticipated that there might well be a pour over from his decedent's estate to the trust. Upon the death of the settlor, the fee ownership of the realty vested in the trustee and nowhere in the trust instrument is there any such limitation on the interest of the spouse in the realty as is proposed by the plaintiff. CT Page 4762
The plaintiff makes much of the fact that at least as long as the spouse exercised her right of occupancy, the realty was not income producing and therefore he appears to argue that because it was not then income producing, the spouse should not receive any of the income generated by utilization of the cash generated by its sale. The significance of this argument eludes me. In any event, it is a matter of semantics. The spouse derived an economic benefit from her right of occupancy. After she terminated that right, she had to make other living arrangements and the income generated by her share of the sale price aided her in defraying the cost of such other arrangements. Under Article Seven B. 1 the spouse was not only entitled to the income from her share, but also the trustee had the power to invade principal for her benefit and this power of invasion is limited only by her being "in real need".
Judgment may enter for the defendants declaring that the residence at 40 North Street is included in the separate trust for the benefit of the spouse under Article Seven B of the agreement and the allocation by the trustee to that separate trust or one-third of the proceeds of sale was correct. With this view of the matter, no purpose would be served by considering whether or not the agreement as of May 1, 1986 estopped Lewis Clark as claimed in the special defense.
J. HEALEY, STATE TRIAL REFEREE.